UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-696 CAS (JCx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED JURISDICTIONAL DISCOVERY (filed 4/3/2012)

## I.    INTRODUCTION AND BACKGROUND

On April 20, 2009, plaintiff Maria Smith Barragan filed a putative class action in Los Angeles County Superior Court alleging that East West Bank and its officers aided and abetted a Ponzi scheme. Compl. ¶ 11. On September 26, 2010, plaintiffs' counsel submitted a Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A) ("FOIA"), request with the Board of Governors of the Federal Reserve System (the "Fed"). Id. ¶ 14. The request sought all "Suspicious Activity Reports filed by East West Bank related to [the Ponzi-scheme perpetrators]." Id. ¶ 14. On September 30, 2010, the Fed denied the request. Id. ¶ 15. A subsequent appeal and request for discretionary release were also denied. Id. ¶ 17–19.

Accordingly, on May 5, 2011, plaintiff filed the instant action against the Fed seeking an order requiring the Fed to turn over the requested records. Id. ¶ 37. Plaintiff's complaint seeks (1) declaratory judgment pursuant to 28 U.S.C. § 2201 and (2) production of records improperly withheld and with attorneys' fees pursuant to FOIA.

On March 7, 2012, defendant filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on the ground that plaintiff lacks standing to bring the instant action because she did not personally file the FOIA request at issue. Dkt. No. 11-1 at 6. On April 3, 2012, plaintiff filed the instant ex parte application for expedited jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-696 CAS (JCx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

discovery in order to determine plaintiff's standing.  On April 6, 2012, defendant filed its opposition.

**II.     DISCUSSION**

Plaintiff argues that jurisdictional discovery is warranted because defendant's affidavits lack essential information necessary to determine plaintiff's standing.  Mot. at 4–5.  Additionally, plaintiff contends that jurisdictional discovery will show that plaintiff was the true party in interest to the FOIA request.  Id. at 6.

In opposition, defendant argues that no discovery plaintiff can conduct will "shed light on whether the FOIA request was filed by the plaintiff's attorney, rather than the plaintiff, the issue upon which the Court's jurisdiction depends."  Opp'n at 4.

The Court finds that plaintiff's request should be denied.  "[C]ourts have found that an attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action."  Three Forks Ranch Corp. v. Bureau of Land Management, Little Snake Field Office, 358 F. Supp. 2d 1, 3 (D. D.C. 2005).  Here, the complaint alleges that "*counsel* for the victim investors electronically submitted a [FOIA] request with the Fed."  Compl. ¶ 14 (emphasis added).  It does not allege that this request was made on behalf of plaintiff.  Further, the Fed's denials of the FOIA request made in connection with the state court action are all addressed to plaintiff's attorney.  See Compl. Exh. C.  Accordingly, jurisdictional discovery is unnecessary to ascertain the plain fact that plaintiff's counsel—and not plaintiff—submitted the FOIA request.  Cf. Three Forks, 358 F. Supp. 2d at 3; Thome v. United States Food and Drug Admin, 2011 U.S. Dist. Lexis 81985, at *5 n.9 (N.D. Cal. Jul. 27, 2011) ("[A] client who was not identified in a FOIA request that was made by the client's attorney lack[s] standing [to sue]."). See also Lane v. United States Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) (holding that courts have "wide latitude" in controlling discovery in FOIA cases).

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-696 CAS (JCx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

Plaintiff's ex parte application for expedited jurisdictional discovery is therefore DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |