UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-696 CAS (JCx) | Date | April 30, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:

Julio Ramos        Yvonne Mizusawa

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** (filed 4/3/2012)

**I. INTRODUCTION AND BACKGROUND**

On April 20, 2009, plaintiff Maria Smith Barragan filed a putative class action in Los Angeles County Superior Court, alleging that East West Bank and its officers aided and abetted a Ponzi scheme. Compl. ¶ 11. On September 26, 2010, plaintiffs' counsel submitted a Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A) ("FOIA"), request with the Board of Governors of the Federal Reserve System (the "Fed"). Id. ¶ 14. The request sought all "Suspicious Activity Reports filed by East West Bank related to [the Ponzi scheme perpetrators]." Id. ¶ 14. On September 30, 2010, the Fed denied the request. Id. ¶ 15. A subsequent appeal and request for discretionary release were also denied. Id. ¶¶ 17–19.

On May 5, 2011, plaintiff filed the instant action seeking an order requiring that the Fed turn over the requested records. Id. ¶ 37. Plaintiff's complaint seeks (1) a declaratory judgment pursuant to 28 U.S.C. § 2201 and (2) the production of records improperly withheld.

On March 7, 2012, defendant filed the instant motion to dismiss for lack of subject matter jurisdiction on the ground that plaintiff lacks standing because she did not personally file the FOIA request at issue.[1] On April 6, 2012, plaintiff filed her

---

[1] On April 3, 2012, plaintiff filed an ex parte application for expedited jurisdictional discovery in order to determine plaintiff's standing. The Court denied the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-696 CAS (JCx) | Date | April 30, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

opposition. Defendant filed its reply on April 16, 2012. The Court heard oral argument on April 30, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

## III.   DISCUSSION

Defendant argues that plaintiff lacks standing to bring the present FOIA action because she never filed a FOIA request. Mot. at 6. Instead, defendant argues that plaintiff's counsel, Julio Ramos ("Ramos"), filed the request, and did not mention plaintiff's name or state that he was acting on plaintiff's behalf. Id. (citing McDonnell v.

---

application on April 13, 2012. Dkt. No. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-696 CAS (JCx) | Date | April 30, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

United States, 4 F.3d 1227, 1237 (3d Cir. 1993)). Additionally, defendant argues that Ramos' subsequent request for discretionary release of records cannot be considered a FOIA request because it did not conform to FOIA request requirements. Id. at 11 (citing 5 U.S.C. § 552(a)(3)(A); 12 C.F.R. § 261.12(b)).

In opposition, plaintiff argues that she has standing because Ramos identified himself as the attorney of record and referred to the state court action in his September 26, 2010 FOIA request. Opp'n at 5 (citing Mensha Corp. v. United States Dep't of Justice, 2012 WL 1034933 (E.D. Wisc. Mar. 26, 2012)). Alternatively, plaintiff requests leave to assert an Administrative Procedures Act ("APA") claim challenging the Fed's denial of her request for discretionary release.[2] Id. at 8.

The Court finds that plaintiff lacks standing to bring a FOIA action. "[C]ourts have found that an attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action." Three Forks Ranch Corp. v. Bureau of Land Management, Little Snake Field Office, 358 F. Supp. 2d 1, 3 (D. D.C. 2005). Here, the complaint alleges that "*counsel* for the victim investors electronically submitted a [FOIA] request with the Fed." Compl. ¶ 14 (emphasis added). It does not allege that this request was made on behalf of plaintiff. Unigard, 997 F. Supp. at 1342 ("A person whose name does not appear on the request for disclosure lacks standing to sue under the FOIA, *even if his interest was asserted in the request*.") (emphasis added); Thome v. United States Food and Drug Admin, 2011 WL 3206910, at

---

[2] Plaintiff also requests the Court "weigh the competing interests" with respect to the Suspicious Activity Reports she requests, and require production of a Vaughn Index. Opp'n at 4. The Court denies this request. When faced with a motion to dismiss, a plaintiff must establish that she has standing to bring a FOIA action against the defendant before the Court can decide its merits. See McDonnell, 4 F.3d at 1236 (ruling on FOIA standing as a "preliminary issue"). If the plaintiff has no right to sue in the first place, she has no right to request the production of evidence. Unigard Ins. Co. v. Department of Treasury, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997) ("If a person's name does not appear on a FOIA request, that person . . . may not sue in district court when the agency refuses to release requested documents . . .") (citation and internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 11-696 CAS (JCx) | Date | April 30, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

*2 n.9 (N.D. Cal. Jul. 27, 2011) ("[A] client who was not identified in a FOIA request that was made by the client's attorney lack[s] standing [to sue]."). Furthermore, the Fed's denials of the FOIA request made in connection with the state court action are all addressed to plaintiff's attorney.³ See Dkt. Nos. 17-2, 17-3. Therefore, plaintiff's action must be dismissed. In re Flash Memory, 2010 WL 2465329, at *3 (N.D. Cal. June 10, 2010) ("A party lacking Article III standing at the outset of the lawsuit has no power to prosecute the action.").

In addition, the Court finds that leave to amend to bring an APA claim would be futile. The APA provides that a "final agency action for which there is *no other adequate remedy* in a court [is] subject to judicial review." 5 U.S.C. § 704 (emphasis added). Where the relief sought is available under FOIA, a plaintiff may not pursue the same relief under the APA. Cagan v. Holder, 2011 WL 6216971, at *3 (D. Colo. Dec. 14, 2011). In Cagan, the plaintiff brought a FOIA and an APA claim against an agency that did not disclose the documents he requested. Id. at *2. The Court dismissed the APA claim, reasoning that "[t]o the extent [plaintiff] is seeking a release of records that he contends have been wrongfully withheld, it is clear that FOIA provides an adequate remedy." Id. at *3. Here, similarly, plaintiff seeks the disclosure of Suspicious Activity Reports that she alleges were wrongfully withheld. Compl. ¶¶ 23, 31. Such relief may be available under FOIA, and plaintiff must therefore follow FOIA's administrative procedures.

## IV. CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is hereby GRANTED. The Court notes, however, that plaintiff would not be foreclosed from filing

---

³ Plaintiff's reliance on Menasha Corp. v. U.S. Dept. of Justice, 2012 WL 1034933 (E.D. Wisc. Mar. 26, 2012) is misplaced for this reason. In Menasha, the plaintiff was not named in the FOIA request. Id. at *3. However, the court held that the plaintiff had standing because the plaintiff repeatedly communicated to the defendant agency that the FOIA request was being made on its behalf. Id. Here, by contrast, no correspondence between Ramos and the Fed names plaintiff or states that the request is made on plaintiff's behalf.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-696 CAS (JCx) | Date | April 30, 2012 |
|---|---|---|---|
| Title | MARIA SMITH BARRAGAN v. BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL. | | |

a proper FOIA request and then seeking judicial review if and when that request is denied.

IT IS SO ORDERED.

|  | 00 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |